Scott C. Glovsky, Bar No. 170477
Email: sglovsky@scottglovskylaw.com
Ari Dybnis, Bar No. 272767
Email: adybnis@scottglovskylaw.com
LAW OFFICES OF SCOTT GLOVSKY, APC
1100 E. Green Street, Suite 200
Pasadena, CA 91106
Website: www.scottglovsky.com
Telephone: (626) 243-5598
Facsimile: (866) 243-2243

Attorneys for Plaintiff Dawit Belay

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA—WESTERN DIVISION

| | |
|---|---|
| DAWIT BELAY, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>BLUE CROSS OF CALIFORNIA dba ANTHEM BLUE CROSS; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.: 2:18-cv-00357<br><br>COMPLAINT FOR:<br><br>BREACH OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974; ENFORCEMENT AND CLARIFICATION OF RIGHTS; PREJUDGMENT AND POSTJUDGMENT INTEREST; AND ATTORNEYS' FEES AND COSTS |

Plaintiff Dawit Belay, as an individual, herein sets forth the allegations of his Complaint against defendants, Blue Cross of California dba Anthem Blue Cross:

**1.**

**JURISDICTION AND VENUE**

1. This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by plaintiff for employee benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question. This action is brought for the purpose of obtaining benefits under the terms of an employee benefit plan, enforcing plaintiff's rights under the terms of an employee benefit plan, and to clarify plaintiff's rights to future benefits under the employee benefit plan administered by defendants. Plaintiff seeks relief, including but not limited to: payment of benefits, prejudgment and postjudgment interest, and attorneys' fees and costs.

2. Plaintiff, Dawit Belay, was at all times relevant, a resident in the County of Los Angeles, State of California. Plaintiff was at all times relevant an insured under the group member plan provided by Blue Cross of California dba Anthem Blue Cross, an employee welfare benefit plan regulated by ERISA, pursuant to which plaintiff is entitled to health care benefits. Plaintiff's Member ID number is 296M87627.

3. Defendant Blue Cross of California dba Anthem Blue Cross ("Anthem Blue Cross" or "Anthem") is, and at all relevant times was, a corporation duly organized and existing under and by virtue of the laws of the State of California and authorized to transact and transacting business in the State of California, with its headquarters in the County of Los Angeles and can be found in the Central District of California. Plaintiff is informed and believes that defendant is the plan administrator and insurer of the employee welfare benefit plan pursuant

to which plaintiff is entitled to health care benefits.

4. The true names and capacities, whether individual, corporate, associate or otherwise, of defendants named herein as Does 1 through 100, inclusive, are unknown to plaintiff, who therefore sues said defendants by such fictitious names. Each of the defendants named herein as a Doe is responsible in some manner for the events and happenings hereinafter referred to, and some of plaintiff's damages as herein alleged were proximately caused by such defendants. Plaintiff will seek leave to amend this complaint to show said defendants' true names and capacities when the same have been ascertained.

5. Defendant is doing business in this judicial district, in that it covers participants residing in this judicial district. The request for coverage at issue was also specifically requested and denied in this judicial district. Thus, venue is proper in this judicial district pursuant to 29 U.S.C. § 1132(e)(2) (special venue rules applicable to ERISA actions).

## 2.

## FIRST CAUSE OF ACTION
## (DENIAL OF BENEFITS)

PLAINTIFF DAWIT BELAY, FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANT AND DOES 1 THROUGH 100, INCLUSIVE, AND EACH OF THEM, FOR DENIAL OF BENEFITS, ALLEGES:

6. Plaintiff incorporates by reference paragraphs 1 through 5 as though set forth in full in this cause of action.

7. In exchange for plaintiff's payment of premiums, Anthem issued a health care policy, the material terms of which include, without limitation, that plaintiff was to have timely access to medically necessary diagnosis, assessment, evaluation, care and treatment.

8. Plaintiff Dawit Belay is a 23-year-old male who was born with a

congenital absence of left hand and finger. Absent an assistive device, the hand is functionally useless for nearly all daily activities. A Certified Prosthetist fit plaintiff with a Bebonic myoelectric hand, an electric prosthetic hand that attaches over plaintiff's partial hand, and his functionality immediately and dramatically increased. He was able to tie his shoes without effort and his ability to perform daily tasks such as dressing, preparing food, carrying objects and using a computer greatly increased. The prosthetic greatly increases his range of motion and the amount of grasp, fine motor control and manual dexterity. Due to the medical necessity of the device, plaintiff requested coverage for it.

9. Coverage was improperly denied on a purported lack of medical necessity and plaintiff submitted an appeal of the denial to Anthem on April 27, 2017 through another Certified Prosthetist. The appeal is joined by plaintiff's physician and occupational therapist. The appeal further explains that plaintiff works as a patient safety attendant in a hospital and that his job duties require him to have a firm grasp that a myoelectric prosthesis can provide but which a conventional one cannot.

10. On June 20, 2017, plaintiff upheld the denial again claiming that the device is not medically necessary because plaintiff has a shoulder mounted human powered harness prosthetic already. Anthem failed to perform a proper investigation into the coverage request and ignored information and documents within its custody illustrating that plaintiff cannot wear the shoulder mounted human powered prosthetic for more than thirty minutes at a time because of extreme discomfort and pain that the harness causes on his shoulder, pain that is not present when wearing the myoelectric prosthetic that plaintiff sought because it attaches to his arm and not by shoulder harness.

11. As a result of the Anthem's denial, plaintiff has been unable to get the prosthetic arm that he needs and has suffered injury.

12. Defendant wrongfully denied plaintiff's claim for coverage of a

myoelectric prosthetic, in the following respects:

    (a) Failure to provide coverage for medical equipment for plaintiff at a time when defendant knew, or should have known, that plaintiff was entitled to such benefits under the terms of the plan;

    (b) Failure to provide prompt and reasonable explanations of the bases relied on under the terms of Anthem's plan documents, in relation to the applicable facts and plan provisions, for the denial of plaintiff's claim for coverage;

    (c) Failure to properly and adequately investigate the merits of plaintiff's coverage request.

13. Plaintiff is informed and believes and thereon alleges that defendant and Does 1-100, inclusive, wrongfully denied plaintiff's request for coverage by other acts or omissions of which plaintiff is presently unaware and which will be shown according to proof at the time of trial.

14. Following the denial of plaintiff's request for coverage under the plan, plaintiff has exhausted all administrative remedies required under ERISA, and plaintiff has performed all duties and obligations on plaintiff's part to be performed.

15. As a proximate result of the denial of benefits due plaintiff, plaintiff has been damaged in a total sum to be proven at the time of trial.

16. As a further direct and proximate result of this improper determination regarding plaintiff s claim for coverage, plaintiff, in pursuing this action, has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), plaintiff is entitled to have such fees and costs paid by defendant.

## 3.
## SECOND CAUSE OF ACTION
### (Equitable Relief)

PLAINTIFF DAWIT BELAY, FOR A SECOND CAUSE OF ACTION

AGAINST DEFENDANT AND DOES 1 THROUGH 100, INCLUSIVE, AND EACH OF THEM, FOR EQUITABLE RELIEF, ALLEGES:

17. Plaintiff incorporates by reference each and every of the foregoing paragraphs as though set forth in full in this cause of action.

18. As a direct and proximate result of the failure of the defendant to pay for plaintiff's myoelectric prosthesis, and the resulting injuries and damages sustained by plaintiff as alleged herein, plaintiff is entitled to and hereby requests that this Court grant plaintiff the following relief pursuant to 29 U.S.C. § 1132(a)(1)(B):

(a) Restitution of all past benefits due to plaintiff, plus prejudgment and postjudgment interest at the lawful rate;

(b) A mandatory injunction requiring defendant to immediately qualify plaintiff for benefits due under the plan, and;

(c) Such other and further relief as the Court deems necessary and proper to protect plaintiff's interests as a participant under the plan.

WHEREFORE, plaintiff prays for judgment against defendants, and each of them, as follows:

1. For payment of the benefits to the plaintiff under the plaintiff's health plan;

2. For all costs and attorneys' fees incurred in pursuing this action pursuant to 29 U.S.C. § 1132(g);

3. For payment of prejudgment and postjudgment interest as allowed under ERISA; and

4. For such other and further relief as the Court deems just and proper.

Dated this 16th day of January 2018, at Pasadena, California.

///

LAW OFFICES OF SCOTT GLOVSKY, APC

By: /S/ Scott Glovsky
 SCOTT C. GLOVSKY
 ARI DYBNIS
 Attorneys for Plaintiff

COMPLAINT